Michael D. Maloney (SBN 208297)
GREENE & MALONEY, PC
1912 F Street, Suite 110
Sacramento, CA 95811
Tel.: (916) 442-6400
Fax: (916) 266-9285
mmaloney@tedgreenelaw.com

Attorney for Plaintiff
GENET HABTEMARIAM

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENET HABTEMARIAM,<br><br>    Plaintiff,<br>vs.<br><br>GATEWAY BANK, F.S.B.;<br>TOTAL LENDERS SOLUTIONS, INC.; and DOES 1–50,<br>    Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br>  1. **Wrongful Foreclosure**<br>  2. **Breach of Contract**<br>  3. **Declaratory and Injunctive Relief**<br><br>**DEMAND FOR JURY TRIAL** |

# I. INTRODUCTION

1. This action seeks to prevent the wrongful foreclosure of Plaintiff's property located at **7 Shipman Court, Sacramento, California 95823** ("Subject Property").

2. Defendants have scheduled a **trustee's sale for March 10, 2026**, despite Plaintiff's pending loss mitigation efforts and Defendants' failure to comply with federal servicing regulations and contractual conditions precedent.

3. Unless enjoined, Plaintiff will suffer **irreparable harm through the loss of her primary residence**.

# II. JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper pursuant to **28 U.S.C. §1331**, as this action arises under federal law, including regulations interpreting the legal effect of issuing an **IRS Form 1099-C** as it pertains to the existence of a debt.

- 1 -
**COMPLAINT**

5. Supplemental jurisdiction exists over related state law claims pursuant to **28 U.S.C. §1367**.

6. Venue is proper in the **United States District Court for the Eastern District of California** because the real property that is the subject of this action is located in **Sacramento County, California**.

### III. PARTIES

7. Plaintiff **GENET HABTEMARIAM** is an individual residing in Sacramento, California.

8. Defendant **GATEWAY BANK, F.S.B.** is a New Jersey corporation headquartered in Ewing, New Jersey and regularly conducting business in California.

9. A **first mortgage** on the Subject Property was recorded on **April 4, 2007** by Gateway Bank.

10. Plaintiff has substituted Gateway Bank in place of **Doe 1** and incorporates the allegations herein accordingly.

11. Gateway Bank has refused to accept payments from Plaintiff on the first mortgage, instead rejecting those payments. The rejection of these payments is the **proximate cause of the alleged delinquency** of the mortgage.

12. Gateway Bank has initiated foreclosure proceedings on the Subject Property. Plaintiff seeks declaratory judgment confirming her status as the rightful owner of the property and other relief.

13. Defendant **TOTAL LENDERS SOLUTIONS, INC.** is the trustee responsible for conducting the foreclosure sale of the Subject Property scheduled for **March 10, 2026**.

14. Plaintiff is ignorant of the true names and capacities of defendants sued herein as **Does 1 through 50**, inclusive, and will amend this complaint when their identities become known.

15. Each Defendant acted as the **agent, servant, employee, or joint venturer** of the remaining Defendants and acted within the course and scope of such relationship.

16. Each Defendant **aided and abetted**, encouraged, and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein.

17. Each Defendant knowingly participated in a **common enterprise and conspiracy** designed to benefit financially at the expense of Plaintiff.
18. **DOES 1–20** are unknown parties involved in servicing and foreclosure activities.

### IV. FACTUAL ALLEGATIONS / BACKGROUND

19. This case arises out of **Habtemariam v. PNC Bank, et al., Case No. 2:16-CV-01189-MCE-AC**.
20. In **2001**, Plaintiff obtained a purchase money loan to acquire the Subject Property.
21. In **April 2007**, Plaintiff refinanced the loan through **Gateway Bank FSB** and obtained a **second mortgage** from **National City Bank**, later merged into **PNC Bank**.
22. The second mortgage was secured by a **Second Deed of Trust (SDoT)** recorded in 2007.
23. On **April 26, 2010**, PNC sent Plaintiff a letter stating it would **discontinue collection and foreclosure activity** on the SDoT.
24. PNC subsequently issued an **IRS Form 1099-C**, dated **June 29, 2010**, indicating that the full amount of **$46,134.46** owed on the second mortgage had been **cancelled**.
25. Plaintiff believed the 1099-C cancelled the debt and relied on it as proof that PNC intended to cancel the loan.
26. Unknown to Plaintiff, PNC **never recorded a release of lien**, instead internally marking the loan as **charged off**.
27. For approximately **two years**, PNC made no collection efforts.
28. In **May 2012**, PNC notified Plaintiff that it assigned the loan to **BSI Financial Services, Inc.**
29. Believing the debt had been cancelled, Plaintiff ignored the letter.
30. The loan was later transferred to **U.S. Mortgage Resolution (USMR)**, which attempted to collect the debt.
31. Plaintiff disputed the debt and provided USMR with the **1099-C**.
32. USMR ceased further contact.

33. The SDoT was later transferred to **Diversified Loan Services (DLS)** in approximately **2014**.
34. When DLS attempted to collect the debt in **2015**, Plaintiff again provided the 1099-C.
35. The loan was subsequently transferred to **Vida Capital Group, LLC**.
36. Vida recorded a **Notice of Default on September 22, 2015**.
37. Vida initiated **non-judicial foreclosure proceedings**, culminating in a trustee's deed recorded **February 16, 2016**.
38. On **May 11, 2016**, Vida filed an **unlawful detainer action** against Plaintiff.
39. Plaintiff responded by filing the above-referenced federal action.
40. During the litigation, Plaintiff and Gateway Bank entered into a **settlement agreement** whereby Plaintiff would continue making payments on the first mortgage during the pendency of the case.
41. The agreement provided that **arrears would be addressed after the conclusion of the action**.
42. Plaintiff has remained **current on her payments** pursuant to this agreement.
43. Gateway Bank was dismissed from the prior action on **March 11, 2019**.
44. A **pretrial settlement conference** in that action is scheduled for **March 9, 2026**.
45. Despite the settlement agreement, Gateway Bank has scheduled a **foreclosure sale for March 10, 2026**.
46. Plaintiff's attempts to resolve the issue with Gateway Bank have been unsuccessful.

## V. PREJUDICE AND HARM

47. Plaintiff faces the **imminent loss of her primary residence**.
48. Monetary damages cannot adequately compensate for the loss of **unique real property**.
49. Plaintiff has suffered substantial prejudice as a result of Defendants' conduct.

## VI. FIRST CAUSE OF ACTION

### Wrongful Foreclosure (California Law)

50. Plaintiff realleges and incorporates all prior paragraphs.

51. A foreclosure sale is wrongful where the trustee or beneficiary fails to comply with statutory or contractual requirements.

52. Defendants lack authority to proceed because they failed to comply with the **October 1, 2021 Loan Modification / Settlement Agreement**, under which Plaintiff remains current.

53. Plaintiff has been harmed and seeks damages and equitable relief.

## VII. SECOND CAUSE OF ACTION

### Breach of Contract

54. The **2021 Loan Modification / Settlement Agreement** constitutes a valid contract.

55. Plaintiff performed all obligations under the agreement.

56. Defendants breached the agreement by scheduling foreclosure despite Plaintiff's compliance.

57. Plaintiff suffered damages as a result.

## VIII. DECLARATORY AND INJUNCTIVE RELIEF

58. An actual controversy exists regarding the validity of the scheduled foreclosure sale.

59. Plaintiff seeks a **Temporary Restraining Order and Preliminary Injunction** preventing the March 10, 2026 trustee's sale.

60. Plaintiff is likely to succeed on the merits.

61. Plaintiff will suffer irreparable harm absent injunctive relief.

62. The balance of equities favors Plaintiff.

63. Granting injunctive relief serves the public interest.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Temporary Restraining Order halting the March 10, 2026 sale;

B. Preliminary and Permanent Injunction;

C. Declaratory Judgment;

D. Actual and statutory damages;

E. Attorney's fees and costs;

F. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

**DATED:** March 4, 2026

                                                **GREENE & MALONEY, PC**

                                                _____
                                                Michael D. Maloney
                                                Attorney for GENET HABTEMARIAM

**COMPLAINT**